UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JOHNNY WILLIAM JOHNSON, III,

Petitioner,

v.

WARDEN GITTERE, et al.,

Respondents.

Case No. 3:18-cv-00496-LRH-WGC

**ORDER**

Petitioner has submitted an application to proceed in forma pauperis (ECF No. 6). The court finds that petitioner is unable to pay the filing fee.

Petitioner also has submitted a motion for appointment of counsel. Whenever the court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief. 18 U.S.C. § 3006A(a)(2)(B). "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952 (9th Cir. 1983). There is no constitutional right to counsel in federal habeas proceedings. McCleskey v. Zant, 499 U.S. 467, 495 (1991). The factors to consider are not separate from the underlying claims, but are intrinsically enmeshed with them. Weygandt, 718 F.2d at 954. After reviewing the petition, the court finds that appointment of counsel is not warranted.

1

The court has reviewed the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The court will serve the petition upon respondents for a response.

IT THEREFORE IS ORDERED that the application to proceed in forma pauperis (ECF No. 6) is **GRANTED**. Petitioner need not pay the filing fee of five dollars ($5.00).

IT FURTHER IS ORDERED that the clerk file the motion for appointment of counsel.

IT FURTHER IS ORDERED that the motion for appointment of counsel is **DENIED**.

IT FURTHER IS ORDERED that the clerk of the court file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

IT FURTHER IS ORDERED that the clerk shall add Aaron Ford, Attorney General for the State of Nevada, as counsel for respondents.

IT FURTHER IS ORDERED that the clerk shall electronically serve upon respondents a copy of the petition and this order. In addition, the clerk shall return to petitioner a copy of the petition.

IT FURTHER IS ORDERED that respondents will have forty-five (45) days from the date on which the petition was served to answer or otherwise respond to the petition. Respondents shall raise all potential affirmative defenses in the initial responsive pleading, including untimeliness, lack of exhaustion, and procedural default. Successive motions to dismiss will not be entertained.

IT FURTHER IS ORDERED that if respondents file and serve an answer, then they must comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner then will have forty-five (45) days from the date on which the answer is served to file a reply.

IT FURTHER IS ORDERED that if respondents file a motion, then petitioner will have forty-five (45) days to file a response to the motion, and respondents will have twenty-one (21) days from the date of filing of the response to file a reply.

IT FURTHER IS ORDERED that, notwithstanding Local Rule LR IC 2-2(g), paper copies of any electronically filed exhibits need not be provided to chambers or to the staff attorney, unless later directed by the court.

DATED this 29th day of April, 2019.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE