UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHNNY WILLIAM JOHNSON, III,<br><br>Petitioner,<br><br>v.<br><br>WARDEN GITTERE, et al.,<br><br>Respondents. | Case No. 3:18-cv-00496-LRH-WGC<br><br>**ORDER** |

**I.      Introduction**

This is a habeas corpus action pursuant to 28 U.S.C. § 2254.  Currently before the court are the petition for a writ of habeas corpus (ECF No. 12) and respondents' motion to dismiss (ECF No. 20).  The court finds that petitioner has not exhausted his state-court remedies for some of his grounds for relief, and the court grants the motion.

Also before the court are petitioner's motion to submit newly discovered evidence supporting plaintiff's claim of innocence (ECF No. 27) and respondents' opposition (ECF No. 28). The court denies this motion.

Finally, before the court are two motions for appointment of counsel (ECF No. 29, ECF No. 31), one of which is ex parte, and respondent's opposition (ECF No. 30).  The court denies these motions.

///

## II. Background

After a jury trial, the state district court convicted petitioner of two counts of attempted murder with the use of a deadly weapon and one count of battery with the use of a deadly weapon, one count of assault with a deadly weapon, one count of discharging a firearm at or into a structure, vehicle, aircraft, or watercraft, one count of carrying a concealed firearm or other deadly weapon, and one count of possession of a firearm by an ex-felon. Ex. 42 (ECF No. 22-2). Petitioner appealed. He raised one claim that the evidence was insufficient to support the verdicts of guilt. Ex. 65 at 5 (ECF No. 22-25 at 6). The Nevada Court of Appeals affirmed the judgment of conviction. Ex. 74 (ECF No. 22-34).

Petitioner then filed a proper-person post-conviction habeas corpus petition in the state district court. Ex. 87 (ECF No. 23-7). He raised twelve grounds, numbered Grounds One through Twelve. Id. Later, he filed a proper-person supplement. Ex. 107 (ECF No. 23-27). He raised four more grounds, numbered Grounds 27 through 30. Id. The state district court appointed counsel, who filed another supplement. Ex. 114 (ECF No. 24-4). Later, the state district court denied the petition. Ex. 120 (ECF No. 24-10). Petitioner appealed. He raised five claims:

> 1. Whether the district court properly concluded that Johnson's counsel was effective for not objecting to admission of evidence of witnesses' gang affiliation;
>
> 2. Whether the district court properly concluded that Johnson's counsel was effective in acquiring and reviewing discovery;
>
> 3. Whether the district court properly concluded that Johnson's counsel was effective during cross-examination;
>
> 4. Whether the district court properly concluded that Johnson's counsel was not ineffective for failing to consult and/or hire experts;[1]
>
> 5. Whether the district court properly concluded that Johnson is not entitled to an evidentiary hearing.

Ex. 139 (ECF No. 24-29). The Nevada Court of Appeals affirmed. Ex. 144 (ECF No. 24-34).

---

[1] Petitioner alleged this as part of the claim that counsel was ineffective during cross examination. Ex. 139 at 29 (ECF No. 24-29 at 37). Both respondents and the Nevada Court of Appeals treated it as a separate, distinct claim. Ex. 142 at 23-25 (ECF No. 24-32 at 29-31); Ex. 144 at 3-4 (ECF No. 24-34 at 4-5).

Petitioner then commenced this action. Aside from the attached exhibits, the petition (ECF No. 12) is an amalgamation of three different forms. Pages 1 through 15 are the Form AO 241 petition for a writ of habeas corpus.[2] The form has space for four grounds for relief. In each ground, petitioner writes, "See attached." Pages 16, 17, 18, and 20 are photocopies from petitioner's proper-person state habeas corpus petition. They contain grounds numbered One through Twelve, just as in the state petition. Page 20 is a continuation of Ground Two. Page 19 is a photocopy from petitioner's proper-person supplement. It contains grounds numbered 27 through 30, just as in the state proper-person supplement.

### III. Legal Standard

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

### IV. Discussion

#### A. The court will not dismiss GROUND TWO[3] of the federal form petition

Respondents first argue that the court should dismiss the claim designated GROUND TWO in the Form AO 241 part of the petition. See ECF No. 12 at 7. This ground, like the other three grounds in the form, states only "See attached." Respondents base their argument upon the belief that the continuation page, ECF No. 12 at 20, titled "Ground Two," refers back to GROUND TWO of the federal petition form. The court disagrees. As explained above, the continuation page is one of four pages photocopied from petitioner's post-conviction state habeas corpus petition. Just as in the state proceedings that continuation page referred back to Ground Two of the state petition, the continuation page now refers back to the Ground Two alleged on page 16 of the current federal petition. Petitioner does not allege any grounds for relief in the

---

[2] The court is using the page numbers generated by the electronic case filing systems.
[3] The court uses all capital letters to avoid confusion with the ground named "Ground Two" later in the petition.

1  Form AO 241 part of the petition. He uses that part of the petition to incorporate the photocopied
2  pages from his state petition and supplement. The court will not dismiss GROUND TWO
3  because, as petitioner has constructed his petition, no such ground exists.

### B. Many grounds are not exhausted

5  Respondents next argue that petitioner has not exhausted his state-court remedies for
6  many of the grounds in the petition. The court agrees. The court has outlined above the claims
7  that petitioner did raise on both direct appeal and the appeal from the denial of his state post-
8  conviction habeas corpus petition. Having compared those claims with the claims that petitioner
9  raises in his petition, the court concludes that Grounds One, Two, Three, Six, Seven, Eight, Nine,
10 Ten, Eleven, 27, 28, 29, and 30 are not exhausted.

11 In the appeal from the denial of the state post-conviction habeas corpus petition, petitioner
12 attempted to incorporate by reference the claims that he raised in his proper-person petition and
13 his proper-person supplement which he did not specifically raise in the opening brief. Ex. 139 at
14 15 (ECF No. 24-29 at 23). He did not provide any argument in support of those claims. This was
15 insufficient to exhaust those claims. Nevada does not allow incorporation by reference. Nev. R.
16 App. P. 28(e)(2). See also Maresca v. State, 748 P.2d 3, 6 (1987) ("It is appellant's responsibility
17 to present relevant authority and cogent argument; issues not so presented need not be addressed
18 by this court."). "Submitting a new claim to the state's highest court in a procedural context in
19 which its merits will not be considered absent special circumstances does not constitute fair
20 presentation." Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994) (citing Castille v. Peoples,
21 489 U.S. 346, 351 (1989)). That is what petitioner tried to do. Petitioner's attempt on post-
22 conviction appeal to incorporate his proper-person claims by reference thus does not exhaust
23 grounds that otherwise are unexhausted.

24 The petition (ECF No. 12) is mixed, containing both claims exhausted in state court and
25 claims not exhausted in state court, and it is subject to dismissal. See Rose v. Lundy, 455 U.S.
26 509, 521-22 (1982); Szeto v. Rushen, 709 F.2d 1340, 1341 (9th Cir. 1983). Petitioner may
27 voluntarily dismiss the unexhausted Grounds One, Two, Three, Six, Seven, Eight, Nine, Ten,
28 Eleven, 27, 28, 29, and 30 and proceed with the remaining grounds; he may voluntarily dismiss

4

this action without prejudice while he returns to state court to exhaust Grounds One, Two, Three, Six, Seven, Eight, Nine, Ten, Eleven, 27, 28, 29, and 30; or he may move to stay this action while he returns to state court to exhaust Grounds One, Two, Three, Six, Seven, Eight, Nine, Ten, Eleven, 27, 28, 29, and 30.  If petitioner chooses the second option, the court makes no assurances about any possible state-law procedural bars or the timeliness of a subsequently filed federal habeas corpus petition.  If petitioner chooses the last option, he must show that he has "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  Rhines v. Weber, 544 U.S. 269, 278 (2005).  If petitioner chooses the last option, he also will need to designate an alternative choice in case the court declines to stay the action.  Otherwise, the court will dismiss the action.

**C.     The court denies petitioner's motion to submit newly discovered evidence**

Petitioner has filed a motion to submit newly discovered evidence supporting plaintiff's claim of innocence (ECF No. 27), and respondents have filed an opposition (ECF No. 28).  The motion contains an affidavit from Michael D. McNair, who states that he is the brother of both petitioner and Mitchell D. Johnson.  McNair also states that Mitchell D. Johnson told him that he had committed the crimes at issue in this case and, because Mitchell and petitioner look similar, succeeded in having petitioner be convicted of the crimes.  The motion has two problems.  First, to the extent that petitioner is trying to present a new claim, he never presented this claim to the state courts, and it is unexhausted.  Second, to the extent that petitioner is trying to use this information in support of his existing claims that are exhausted, this court's review under 28 U.S.C. § 2254(d)(1) is limited to the record before the state courts.  Cullen v. Pinholster, 563 U.S. 170, 181-82 (2011).  The court cannot consider this information in reviewing the merits of his exhausted claims because petitioner did not make it part of the state-court record.  Consequently, the court denies the motion.

**D.     The court denies petitioner's motions for appointment of counsel**

Petitioner has filed a motion for appointment of counsel (ECF No. 29) and an ex parte motion for appointment of counsel (ECF No. 31).  Petitioner has not given the court any reason to

5

depart from its denials of petitioner's previous motions for appointment of counsel. The court denies these motions.

**V.     Conclusion**

IT THEREFORE IS ORDERED that respondents' motion to dismiss (ECF No. 20) is **GRANTED** in part with respect to Grounds One, Two, Three, Six, Seven, Eight, Nine, Ten, Eleven, 27, 28, 29, and 30.

IT FURTHER IS ORDERED that petitioner shall have thirty (30) days from the date of entry of this order to do one of the following: (1) inform this court in a sworn declaration that he wishes to dismiss Grounds One, Two, Three, Six, Seven, Eight, Nine, Ten, Eleven, 27, 28, 29, and 30 of his petition (ECF No. 12), and proceed only on the remaining grounds for relief, (2) inform this court in a sworn declaration that he wishes to dismiss this action to return to state court to exhaust his state remedies with respect to the claims set out in Grounds One, Two, Three, Six, Seven, Eight, Nine, Ten, Eleven, 27, 28, 29, and 30 of his petition (ECF No. 12), or (3) move to stay this action while he returns to state court to exhaust his state remedies with respect to the claims set out in Grounds One, Two, Three, Six, Seven, Eight, Nine, Ten, Eleven, 27, 28, 29, and 30 of his petition (ECF No. 12). Failure to comply will result in the dismissal of this action.

IT FURTHER IS ORDERED that if petitioner elects to dismiss the aforementioned grounds of his petition (ECF No. 12) and proceed on the remaining grounds, respondents shall file and serve an answer, which must comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, within sixty (60) days after petitioner serves his declaration dismissing those grounds. Petitioner shall have thirty (30) days from the date on which the answer is served to file and serve a reply.

IT FURTHER IS ORDERED that petitioner's motion to submit newly discovered evidence supporting plaintiff's claim of innocence (ECF No. 27) is **DENIED**.

IT FURTHER IS ORDERED that petitioner's motion for appointment of counsel (ECF No. 29) is **DENIED**.

///

///

IT FURTHER IS ORDERED that petitioner's <u>ex parte</u> motion for appointment of counsel (ECF No. 31) is **DENIED**.

DATED this 16th day of April, 2020.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE